**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DEBORAH JOHNSON,
      Plaintiff

    v.

BOARD OF EDUCATION OF THE
CITY OF CHICAGO,
      Defendant

No. 25 CV 13794

Judge Jeremy C. Daniel

**ORDER**

The defendant's motion to dismiss [12] is denied. The defendant shall answer the complaint on or before June 15, 2026. The June 4, 2026, status hearing is stricken.

**STATEMENT**

This case is before the Court on Defendant Board of Education of the City of Chicago's motion to dismiss Plaintiff Deborah Johnson's complaint. (R. 12.) The following description of events is drawn from the complaint, (R. 1), and presumed true for the purpose of resolving this motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiff is a woman over the age of forty who was hired by the defendant in 1990 as a teacher. (R. 1 ¶¶ 8–10.)[1] In June 2023, she was notified that her position was changed to Multi-Tiered Student Support Coordinator due to budget cuts. (*Id.* ¶¶ 13, 16.) While she was not provided "guidance" regarding her new position, the plaintiff "took the initiative" in undertaking her new role. (*Id.*) In August 2023, a new assistant principal "lowered Plaintiff's ratings." (*Id.* ¶ 14.) In April 2024, the plaintiff took leave. (*Id.* ¶ 15.) When she returned from leave in June 2024, she was informed that her position was "closed." (*Id.* ¶ 16.) She alleges this was due to her age, as she later learned that she "had been replaced by someone younger (under 40)." (*Id.* ¶¶ 16, 20.) The plaintiff was then designated as a "displaced teacher" and received one year of her salary and benefits. (*Id.* ¶ 17.) She worked in different schools "below her expertise level" before taking leave again in February 2025. (*Id.* ¶¶ 17–19.)

In April 2025, the plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging age discrimination. (*Id.* ¶ 5.)

---

[1] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

The EEOC issued her a Notice of Right to Sue in August 2025. (*Id.* ¶ 6.) The plaintiff now brings one claim for age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, *et seq.* The defendant moves to dismiss the complaint under Rule 12(b)(6) for failure to state a claim. (R. 12.)

A motion under Rule 12(b)(6) tests the sufficiency of the plaintiff's claims, not the merits of her case. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 885 (7th Cir. 2022). To survive dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court accepts as true well-pleaded facts and "construe[s] all allegations and any reasonable inferences in the light most favorable to the plaintiff." *Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 512–13 (7th Cir. 2020) (citation omitted).

To state a claim for age discrimination under the ADEA, a plaintiff must allege that she suffered an adverse employment action because of her age. *Levin v. Madigan*, 697 F. Supp. 2d 958, 966 (N.D. Ill. 2010) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The defendant argues the complaint does not adequately allege any adverse action taken due to the plaintiff's age. (R. 12 at 3–4.) However, the plaintiff alleges that she, a woman over forty, took initiative at work and otherwise performed her duties satisfactorily for several decades, yet was replaced by someone below forty. (R. 1 ¶¶ 13–16.) One reasonable inference from these allegations is that she was fired due to her age. Further, the plaintiff claims that she was provided a pretextual reason for her change in position, when the decision was really due to her age. Together, the plaintiff's allegations and reasonable inferences drawn from those allegations satisfy the minimal pleading requirements at this stage. *See Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (plaintiffs need only allege facts to "allow for a *plausible* inference that the adverse action suffered was connected to her [age]"). The defendant's reliance on *Kaminski* falls flat because there, the plaintiff failed to allege any "link" between her adverse employment action and her protected characteristic. *Id.* Reading the plaintiff's allegations favorably to her and drawing reasonable inferences from them, the plaintiff here has provided that link. The defendant also argues that the plaintiff pled herself out of court by alleging her position was changed due to budget cuts. (R. 12 at 4.) But the plaintiff claims this was a pretextual reason she was given, while the real reason was her age. Accordingly, the Court denies the defendant's motion to dismiss.

Date: June 1, 2026

JEREMY C. DANIEL
United States District Judge

2